UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRAIG MYERS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES,<br><br>Defendant. | No. 2:20-cv-0561 DB P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his rights were violated when a laptop that may have contained some of his personal information was stolen. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will deny the motion to proceed in forma pauperis as moot and recommend that this action be dismissed.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) However, because the court will recommend that this action be dismissed without prejudice the court will deny the motion to proceed in forma pauperis as moot.

////

////

1

**SCREENING**

I.  **Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges that his "personal information on a laptop was stolen from a [California Correctional Health Care Services] CCHS workforce member personal vehicle." (ECF No. 1 at 2.)  Attached to the complaint is a letter from CCHCS notifying plaintiff of a "possible information security incident involving [plaintiff's] personal information." (<u>Id.</u> at 5.)  He seeks damages as relief.

**III.    Failure to State a Claim under § 1983**

**A.  Plaintiff Lacks Standing**

Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2.  "'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.'" <u>Clapper v. Amnesty Int'l USA</u>,

3

568 U.S. 398, 408 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997)).  In order to have standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 568 U.S. at 409 ("[A]n injury must be concrete, particularized, and actual or imminent.") (citation and internal quotation marks omitted).

Plaintiff's allegations are based upon a notification which states that it is unknown whether *any* sensitive information is contained in the laptop and that even if there is sensitive information in the laptop, the scope of the information, including whether any of plaintiff's information is contained therein, is unknown.  In other words, whether plaintiff's sensitive information has been compromised is unknown.  Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information.  Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing.  See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

### B. Failure to Identify a Proper Defendant

Plaintiff has named only CCHS as a defendant in this action. (ECF No. 1 at 1.)  However, CCHS is not a proper defendant because state agencies are immune from suit under the Eleventh

1   Amendment.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't
2   of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth
3   Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh
4   Amendment immunity);  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)
5   (Eleventh Amendment immunity extends to state agencies); see also Hafer v. Melo, 502 U.S. 21,
6   30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in
7   their individual capacities, nor does it bar suits for prospective injunctive relief against state
8   officials sued in their official capacities).

9        Even if plaintiff could substitute appropriate individuals as defendants, as set forth above,
10  plaintiff's allegations are too speculative to establish that plaintiff has standing because he cannot
11  show an injury-in-fact.

12  **IV.**    **No Leave to Amend**

13       If the court finds that a complaint should be dismissed for failure to state a claim, the court
14  has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-
15  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
16  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
17  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
18  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
19  clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
20  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
21  that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend.
22  Cato, 70 F.3d at 1005-06.

23       The undersigned finds that, as set forth above, plaintiff lacks standing to bring his federal
24  claims, and amendment would be futile because the notification on which plaintiff's allegations
25  are based establishes only speculative injury that is not real or immediate.  Because plaintiff lacks
26  standing to pursue his federal claims, the court should decline to exercise supplemental
27  jurisdiction over plaintiff's state law claims, and should dismiss the complaint without prejudice.
28  ////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied;

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 8, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/myer0561.scrn

6